```
                         UNITED STATES DISTRICT COURT                  Priority      _____
  JS-6                    CENTRAL DISTRICT OF CALIFORNIA                Send         _____
                                                                        Enter        _____
                             CIVIL MINUTES - GENERAL                    Closed       _____
                                                                        JS-5/JS-6    _____
cc: Los Angeles Superior Court                                          Scan Only    _____
case No. BC483409: order, docket and remand letter
```

**CASE NO.:** <u>CV 12-04666 SJO (PJWx)</u>  **DATE:** <u>August 1, 2012</u>

**TITLE:** <u>Svetlana Tokmakova v. Volkswagen Group of America, Inc., et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                        Not Present
Courtroom Clerk                                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO STATE COURT**

This matter is before the Court on Defendant Volkswagen Group of America, Inc.'s ("Volkswagen" or "Defendant") Notice of Removal ("Notice"). On May 29, 2012, Defendant removed this action to federal court on diversity grounds. For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Svetlana Tokmakova ("Plaintiff") is an individual residing in the City of North Hollywood. (Notice Ex. 1 ("Compl.") ¶ 1, May 29, 2012, ECF No. 1.) Volkswagen is a New Jersey corporation. (Compl. ¶ 2.) Plaintiff filed her Complaint in Los Angeles County Superior Court on April 25, 2012.

The Complaint alleges the following facts. On April 21, 2007, Plaintiff purchased a 2006 Volkswagen Passat (the "Vehicle") from Keyes Audi. (Compl. ¶¶ 3, 7.) Purchase of the Vehicle was accompanied by an express warranty from Volkswagen. (Compl. ¶ 8.) Volkswagen agreed to "preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance." (Compl. ¶ 8.) Plaintiff received the Vehicle "with serious defects and nonconformities to the warranty[,] and [the Vehicle] developed other serious defects and nonconformities to [the] warranty." (Compl. ¶ 9.) As a result, Plaintiff alleges violations of both the Song-Beverly Consumer Warranty Act, Civil Code sections 1790 *et seq.,* and the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3). (Compl. ¶¶ 11-38.)

On May 29, 2012, Defendant removed the case to federal court on diversity jurisdiction grounds. (*See generally* Notice.) Defendant asserts that the parties are diverse and that the amount in controversy exceeds $75,000. (Notice ¶¶ 7-9.)

II.  DISCUSSION

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b). In order for diversity jurisdiction to exist, no plaintiff can be a citizen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-04666 SJO (PJWx)　　　　DATE: August 1, 2012

the same state as any defendant and the amount in controversy must exceed $75,000. *Id.* at § 1332(a).

### A. *Sua Sponte* Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. *Id.* at § 1447(c). The Ninth Circuit has noted that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it appropriate to determine whether jurisdiction exists in this case.

### B. Legal Standard

Under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

### C. Amount in Controversy Requirement

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Lewis v. Verizon Commc'ns Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks omitted). Courts may consider "facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Removal "cannot be based simply upon conclusory allegations" where a plaintiff does not demand a specific sum for damages. *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

It is not facially evident from the Complaint that more than $75,000 is in controversy. (*See generally* Compl.) Plaintiff seeks damages, rescission of the contract, attorney's fees and costs,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

JS-6

| | |
|---|---|
| **CASE NO.:** CV 12-04666 SJO (PJWx) | **DATE:** August 1, 2012 |

and a civil penalty. (Compl., Prayer for Relief.) The Complaint provides no monetary figures with respect to the relief sought, only that the amounts are to be determined at trial. (*See generally* Compl.) "Because no amount in controversy is alleged in the Complaint, Defendant carries the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy." *Merricks-Barragan v. Maidenform*, No. CV 11-07965, 2011 WL 5173653, at *3 (C.D. Cal. Oct. 31, 2011). "[T]he Court [] examines if any 'summary-judgment-type evidence' [] exists to support proper removal." *Id.* (citing *Matheson*, 319 F.3d at 1090) (citation omitted). Defendant must also provide "*underlying facts* supporting its assertion that the amount in controversy" satisfies the statutory minimum. *Gaus*, 980 F.2d at 567.

Defendant calculates the amount in controversy by adding the sale price of the Vehicle to a penalty of double the sale price, for a total of $82,936.32. (Notice ¶ 7.) The penalty is added pursuant to the Song-Beverly Consumer Warranty Act, which provides for a discretionary "civil penalty which shall not exceed two times the amount of actual damages" when a plaintiff establishes that the violation of the act was willful. Cal. Civ. Code § 1794(c), (e). Defendant points to the purchase contract to support its conclusion that Plaintiff suffers damages of $27,645.44. (Notice ¶ 7; Compl. Ex. 1.) Defendant's conclusion that the civil penalty should be added is supported by Plaintiff's allegation that Defendant's violation of the Song-Beverly Consumer Warranty Act was willful. (Compl. ¶ 27.) Defendant points to no additional facts or evidence to support the use of any other numerical values when calculating the amount in controversy. (*See generally* Notice.) Though Defendant notes that the statute allows for the payment of incidental damages for rental, towing or repair expenses, Defendant makes no attempt to calculate a reasonable numerical value that is supported by evidence, and thus these damages cannot be used to calculate the amount in controversy. (Notice ¶ 7.)

Defendant's conclusion that Plaintiff is entitled to the full purchase price as damages is unsupported. California Civil Code section 1793.2 requires manufacturers facing violations of the Song-Beverly Consumer Warranty Act to either replace the defective Vehicle or provide restitution to the buyer equal to the price paid. Cal. Civ. Code § 1793(d)(2). However, the statute does not require the full purchase price to be paid:

> When restitution is made pursuant to subparagraph (B), the amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity.

Cal. Civ. Code § 1793(d)(2)(C). Thus, the restitution value must be reduced to account for any use by Plaintiff. Cal. Civ. Code § 1793.2(d)(2)(B), (d)(2)(C); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("[T]he restitution awardable under § 1793.2(d)(2)(B) must be reduced by the amount directly attributable to use (as measured by miles driven) by the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-04666 SJO (PJWx)</u>　　　DATE: <u>August 1, 2012</u>

consumer prior to the first repair (or attempted repair) of the problem as pro-rated against a base of 120,000 miles.").

Defendant's calculation assumes that Plaintiff received no valuable use from the Vehicle and is thus entitled to the full purchase price. However, Plaintiff's Complaint is devoid of any allegations that she is entitled to the full purchase price. (*See generally* Compl.) The most reasonable inference to draw based upon the Complaint's allegations is that Plaintiff did obtain some benefit from the Vehicle. Plaintiff states that she received the Vehicle with serious defects, and that the Vehicle later developed additional defects. (Compl. ¶ 9.) This allegation implies that the additional nonconformities developed while Plaintiff was using the Vehicle. Any deduction in the restitution value would necessarily affect the civil penalty, resulting in a proportionally lower total amount in controversy. Because Defendant's calculations currently barely satisfy the statutory minimum, the likelihood of even a slight reduction in Plaintiff's actual damages casts serious doubt on the propriety of removal.

"Consistent with the Ninth Circuit's strict construction of 28 U.S.C. § 1441, where there is any doubt with respect to removal, this Court must reject federal jurisdiction." *Solomon v. Mainline Info. Sys., Inc.*, No. CV 11-07388, 2012 WL 137568, at *4 (C.D. Cal. Jan. 17, 2012). Defendant has not overcome the "strong presumption" against removal because the values used to compute the amount in controversy are not adequately supported by the facts and evidence. *Gaus*, 980 F.2d at 566 (citations omitted). Defendant could have supported its assumption that Plaintiff is entitled to the full price paid by providing evidence that the Vehicle was first brought in for repairs immediately after the purchase or by noting the number of miles Plaintiff drove the car after purchase. Because Defendant has not met its burden, the Court finds that the instant action was improperly removed and must be remanded to state court.

III.　　<u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this case to the Superior Court of California, County of Los Angeles. This action shall close.

IT IS SO ORDERED.